**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**RONALD DEAN ROGERS,**
          **Petitioner,**

-vs-                                                         **Case No. A-08-CA-553-SS**

**RICK THALER[1],**
          **Respondent.**

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Ronald Dean Rogers' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1], and the Report and Recommendation of the Magistrate Judge [#16]. For the reasons set forth below, the undersigned finds Rogers' Petition for Writ of Habeas Corpus should be DENIED.

All matters in this case were referred to the Honorable Andrew Austin, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective December 1, 2002. On June 22, 2009, the Magistrate Judge issued his report and recommendation that Rogers' claims should be denied. Rogers did not file written objections to the Magistrate Judge's report and recommendation, and thus the Court is not required to review the report and recommendation *de novo*. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de

---

[1] The previous named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Thaler is automatically substituted as a party.

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Nevertheless, having reviewed the above-listed documents, the applicable law, and the case file as a whole, the Court ACCEPTS the Magistrate Judge's report and recommendation and DENIES Rogers' Petition for Writ of Habeas Corpus.

**Background**

As the Texas Court of Appeals explained, Rogers was a passenger in a vehicle stopped by Round Rock police. *Rogers v. State*, No. 06-05-00083-CR, 2006 WL 1788196 at *1 (Tex. App.–Texarkana, June 30, 2006, pet. ref'd). Rogers was arrested by the officers when they learned he had two outstanding warrants. *Id.* During the search incident to the arrest, the officers found bags containing 3.38 grams of methamphetamine. *Id.*

Before trial, Rogers sought to suppress the evidence obtained during his arrest. *Id.* The trial court excluded some evidence but allowed the State to introduce the bags of methamphetamine. *Id.* The motion to suppress preserved error regarding the admission of physical evidence. *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992). However, when the evidence was actually offered into evidence, Rogers' counsel said "No objection." *Rogers*, 2006 WL 1788196 at *1.

Following trial, a jury found Rogers' guilty of possession of a controlled substance and, finding two enhancements, imposed a life sentence. *Id.* The Court of Appeals affirmed Rogers' conviction. *Id.* The Texas Court of Criminal Appeals refused Rogers' petition for discretionary review. *Rogers v. State*, PDR No. 1132-06. Rogers also challenged his conviction in a state application for habeas corpus relief. His application was denied without a hearing on May 21, 2008. *Ex parte Rogers*, Appl. No. 69,703-01.

**Grounds for Relief**

Rogers has four claims for relief: (1) he was illegally detained and searched and therefore the drugs should have been suppressed; (2) he received ineffective assistance of counsel at trial because his counsel waived the challenge to the admissibility of the evidence; (3) he received ineffective assistance of counsel on appeal because his counsel filed a brief contrary to the laws of Texas and the rules of the court; and (4) the State acted improperly by destroying potentially mitigating evidence in the form of a video of the traffic stop.

**Analysis**

**I.     The Antiterrorism and Effective Death Penalty Act of 1996**

The standard of review in federal habeas cases filed by state prisoners is governed by the Antiterrorism and Effective Death Penalty Act of 1996. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Under AEDPA, a habeas petitioner may not obtain relief with respect to any claim that was adjudicated on the merits in a state court proceeding unless he shows the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court of the United States] on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct

governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. "[A]n unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 411. A state court decision is entitled to deference unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2001). A presumption of correctness attaches to factual determinations made by a state court, and a habeas petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Ladd v. Cockrell*, 311 F.3d 349, 352 (5th Cir. 2002).

The Fifth Circuit has held that, because a federal habeas court only reviews the reasonableness of the state court's ultimate decision, the AEDPA inquiry is not altered when state habeas relief is denied without an opinion. *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003) (citing *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001), *cert. denied*, 535 U.S. 982, 122 S. Ct. 1463 (2002); *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision."), *cert. denied*, 537 U.S. 1104, 123 S. Ct. 963 (2003)). With these principles in mind, this Court turns to the issues raised by the pleadings in this cause.

## II. Rogers' Claims

### A. Illegal Detention and Search Claim

Rogers first claims he was subject to an illegal search and seizure. When the state provides an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner cannot be granted federal habeas corpus relief on the grounds that unconstitutional search or seizure evidence was used to convict the prisoner. *Stone v. Powell*, 428 U.S. 465, 494 (1976). In this case, the trial

court held a hearing on Rogers' motion to suppress and partially denied it. *See* CR 22-25, 48-51, 112-115. This is clearly a full and fair opportunity to litigate Rogers' Fourth Amendment claim, thus he is not entitled to habeas corpus relief.

      **B.**      **Ineffective Assistance of Counsel Claim**

Rogers' next argues he was denied effective assistance of counsel both at trial and on appeal. Rogers claims his counsel was ineffective when he waived objection to the admissibility of the evidence of the methamphetamine. Rogers raised this issue in his state application for habeas corpus and the state court rejected the claim on its merits. Due to the state court's rejection, the scope of this Court's review is limited by AEDPA. The Court is limited to determining whether the adjudication of Rogers' claim either (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d).

To establish ineffective assistance of counsel, Rogers must allege and prove his counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the "deficient performance" prong, Rogers must show his attorney's errors were "so serious that his counsel was not functioning as the 'counsel'" the Sixth Amendment guarantees. *Id.* The attorney's conduct is reviewed with great deference, and there is a strong presumption that counsel has exercised reasonable professional judgment. *Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986). To establish the "prejudice" prong, Rogers must establish a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A 'reasonable probability'

is one sufficient to undermine confidence in the outcome of the proceeding." *Nixon v. Epps*, 405 F.3d 318, 324 (5th Cir. 2005) (citing *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)). The Fifth Circuit has held that "a failure to establish *either* requirement [of the *Strickland* test] necessarily defeats the claim" of ineffective assistance of counsel. *Lincecum v. Collins*, 958 F.2d 1271, 1278 (5th Cir. 1992) (emphasis added).

The Fifth Circuit has repeatedly admonished that attorneys should not be subjected to unrealistic standards. *United States v. Faubion*, 19 F.3d 226 (5th Cir.1994). "Judicial scrutiny of counsel's performance must be 'highly deferential,' and the court must make every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *United States v. Harris*, 408 F.3d 186, 189 (5th Cir. 2005) (citations omitted). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* For instance, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999).

1. **Trial Counsel**

Rogers argues his evidence should have, and would have, been suppressed but for his counsel's statement of "no objection" to the evidence. *Rogers*, 2006 WL 1788196 at *1. At the hearing on the motion to suppress, the officer testified he stopped the vehicle in which Rogers was a passenger for failure to display a rear license plate. 3 RR 9. The officer admitted the vehicle did have a rear plate, but it had been obscured because the tailgate of the truck was down. *Id.* at 11. Before issuing a warning and releasing the driver, however, the officer ran a check on the status of

the driver's license and warrants. *Id.* at 17. While waiting for the results of the check, the officer obtained consent from the driver to search the vehicle. *Id.* at 22. Under Round Rock Police Department policy, the officer removed the passengers from the vehicle and identified them. *Id.* The officer requested a backup officer, who had arrived on the scene, run checks on the passengers. *Id.* at 24. The officer's check on Rogers indicated he had two warrants for his arrest outstanding. *Id.* at 27, 46-47. The officer then arrested Rogers pursuant to the warrants and searched Rogers incident to the arrest. *Id.* at 27. The search revealed three plastic bags in Rogers' front right pocket. *Id.* at 28.

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. CONST. AMEND. IV. Traffic stops are deemed seizures for the purposes of the Fourth Amendment. *United States v. Valadez*, 267 F.3d 395, 397 (5th Cir. 2001). Passengers in a vehicle at a traffic stop are entitled to challenge the constitutionality of the traffic stop. *Brendlin v. California*, 551 U.S. 249, 259 (2007). The legality of a traffic stop is analyzed under the framework articulated in *Terry v. Ohio*, 392 U.S. 1 (1968). *See Knowles v. Iowa*, 524 U.S. 113, 117 (1998). Under the two-part *Terry* reasonable suspicion inquiry, we ask whether the officer's action was: (1) "justified at its inception;" and (2) "reasonably related in scope to the circumstances which justified the interference in the first place." *Terry*, 392 U.S. at 19-20.

For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle. *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005), cert. denied 546 U.S. 1222 (2006). "The Supreme Court has stated that in making a reasonable suspicion inquiry, a court must look at the 'totality of the circumstances' of each case to

see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)). The Fifth Circuit has stated reasonable suspicion exists when an officer can point to specific facts which, taken together with rational inferences from those facts, reasonably warrant the search and seizure. *See*, *e.g.*, *United States v. Santiago*, 310 F.3d 336, 340 (5th Cir. 2002). In evaluating the totality of the circumstances, a court may not consider the relevant factors in isolation from each other. *Arvisu*, 534 U.S. at 274. In scrutinizing the officer's basis for suspecting wrongdoing, it is clear that the officer's mere hunch will not suffice. *Terry*, 392 U.S. at 27. It is also clear, however, that reasonable suspicion need not rise to the level of probable cause. *Arvizu*, 534 U.S. at 274.

As for the second prong of the *Terry* inquiry, generally, the "detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop ..." *United States v. Brigham*, 382 F.3d 500, 507 (5th Cir. 2004) (en banc). In the course of effectuating the stop, a police officer may permissibly examine the driver's license and registration and run a computer check to investigate whether the driver has any outstanding warrants and if the vehicle is stolen. *Id.* at 507-08. An officer may also ask the driver about the purpose and itinerary of his trip. *Id.* at 508. Indeed, the officer's questions need not even be related to the purpose of the traffic stop since "[d]etention, not questioning, is the evil at which *Terry*'s second prong is aimed." *Id.* (quoting *United States v. Shabazz*, 993 F.2d 431, 436 (5th Cir. 1993)). Although an officers inquiry may be wide-ranging, once all relevant computer checks have come back clean, there is no more reasonable suspicion, and, as a general matter, continued questioning thereafter prolongs the detention. *Brigham*, 382 F.3d at 510; *see also Santiago*, 310 F.3d at 341-42; *United States v. Jones*, 234 F.3d 234, 241 (5th Cir.

2000). A recognized exception to the above-stated rule is that if additional reasonable suspicion arises in the course of the stop and before the initial purpose of the stop has been fulfilled, the detention may continue until the new reasonable suspicion has been dispelled or confirmed. *See Brigham*, 382 F.3d at 507; *United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003), cert. denied, 540 U.S. 1227 (2004).

On state habeas review the court determined Rogers' counsel was deficient when he mistakenly uttered the words "no objection" and waived Rogers' challenge to the legality of the detention, arrest, and seizure of drugs from his person. *Ex parte Rogers*, Appl. No. 69,703-01 at 72. However, the court concluded Rogers was not prejudiced because of counsel's deficiency. *Id.* As the report and recommendation summarizes, the state court explained:

> 3. Officer Hernandez legally detained applicant.
>
> 4. Officer Hernandez stopped the vehicle in which applicant was a passenger based on reasonable suspicion that the driver of the vehicle had committed a traffic offense. *See Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).
>
> 5. After stopping the vehicle, Officer Hernandez developed a reasonable suspicion, based on his observations of applicant and the driver of the vehicle and the statements made by the occupants of the vehicle concerning their activities prior to the stop, that one or more occupants of the vehicle was engaged in, or would engage in, criminal activity.
>
> 6. Officer Hernandez then ran a warrant check on applicant. It is not unreasonable for an officer to check a detainee for open warrants during an investigative detention. *Smith v. State*, 840 S.W.2d 689, 692 (Tex. App.–Fort Worth 1992, pet. ref'd).
>
> 7. After discovering that applicant had open municipal warrants, Officer Hernandez placed applicant under arrest. An officer may search a defendant's person incident to a lawful arrest. *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).
>
> 8. The search of applicant's person during a search incident to a lawful arrest following a valid warrant check during a legal detention led to the legal recovery of methamphetamine from applicant's person.

> 9. Evidence obtained as a result of an illegal action by a law enforcement officer or other person must be excluded from the trial of a criminal case. TEX. CODE CRIM. PRO. art. 38.23(a). Such evidence need be excluded, however, only if a causal connection between the illegal action and the evidence is established. *Roquemore v. State*, 60 S.W.3d 862, 872 (Tex. Crim. App. 2001).
>
> 10. The arrest of a defendant on an open, valid arrest warrant during an otherwise illegal detention attenuates any taint caused by the legality of the detention. *Sims v. State*, 84 S.W.3d 805, 810 (Tex. App.–Houston [1st Dist.] 2002, no pet.); *Lewis v. State*, 915 S.W.2d 51, 54 (Tex. App.–Dallas 1995, no pet.).
>
> 11. Therefore, any evidence seized from a defendant pursuant to a search incident to a legal arrest on a valid warrant is not subject to the exclusionary provisions of article 38.23, under the doctrine of attenuation. *Sims* at 810; *Lewis*, at 54. Even assuming, for the sake of argument, that applicant was illegally detained, the taint of any such illegal detention was attenuated by applicant's lawful arrest pursuant to an open, valid arrest warrant.
>
> 12. The methamphetamine was legally seized from applicant's person pursuant to a legal search incident to applicant's arrest on a valid, open warrant. This is true whether applicant's detention by Officer Hernandez was legal or illegal in scope.
>
> 13. Applicant's claim that the methamphetamine was seized illegally from his person was therefore not a legally meritorious claim. Applicant has failed to establish prejudice under the second prong of *Strickland* resulting from [counsel's] utterance of the words "no objection" when the State offered the methamphetamine before the jury.

*Ex parte Rogers*, Appl. No. 69,703-01 at 72-73.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

### 2. Appellate Counsel

Rogers also claims he was denied effective assistance of counsel on appeal because his counsel filed a brief contrary to the laws of Texas and rules of the appellate court. Specifically, Rogers claims counsel was ineffective because he raised issues waived by trial counsel.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. *Hughes v. Booker*, 203 F.3d 894, 896 (5th Cir. 2000) (citing *Evitts v. Lucey*, 469 U.S. 387, 293-95 (1985)). When a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 689-94. Appellate counsel is not ineffective for failing to raise the issues presented by the defendant or failing to raise every possible point on appeal. *Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991).

The state court, on habeas review, concluded Rogers' counsel was not deficient on appeal. *Ex parte Rogers*, Appl. No. 69,703-01 at 73. As the state court explained, an attorney's course of action is not deficient under the Sixth Amendment merely because it was unsuccessful of did not achieve the desired result. *Id.* (citing *Ex parte Ellis*, 233 S.W.3d 324 (Tex. Crim. App. 2007)). The state court concluded Rogers did not satisfy his burden of establishing counsel's deficient performance, or alternatively concluded Rogers did not demonstrate any prejudice. *Id.*

Having reviewed the state court record and appellate counsel's performance, the court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Rogers has not shown the issues raised by counsel on appeal were deficient. Simply showing Rogers' claims failed is not sufficient evidence.

### D. Destruction of Evidence Claim

In his final ground for relief Rogers argues the State acted improperly by destroying potentially mitigating evidence in the form of a video of the traffic stop. At trial the officer testified the detention, search, and arrest of Rogers were recorded by a video camera in his police vehicle. 3 RR 157-59, 168-69. The officer testified he submitted the videotape to the video room at the Round Rock Police Department where he routinely submitted all videotapes of offenses, other than driving while intoxicated, to be reviewed for racial profiling. 3 RR 159-60. The officer further testified that the videotape was erased after 90 days, per departmental policy, because it was never retrieved from the video room by him or anyone else. 3 RR 160-61. The officer testified he did not intend for the videotape to be destroyed or erased when he placed it in the video room. 3 RR 194. The officer testified that he did not want to hide the contents of the videotape or prevent the contents from being publicized or disclosed. 3 RR 195-96. The officer finally testified that he believed that anyone who wanted to view the videotape or make a copy of it would do so within 90 days of the incident. 3 RR 195.

On state habeas review, the state habeas court found Rogers failed to demonstrate the officer or anyone with the Round Rock Police Department destroyed the videotape in bad faith. *Ex parte Rogers*, Appl. No. 69,703-01 at 74. The court noted:

> In order to establish a 14th amendment due process violation based on the destruction of evidence potentially useful to the defendant, a defendant must show that law enforcement acted in bad faith in destroying the evidence.

Id. at 74 (citing *Arizona v. Youngblood*, 488 U.S. 51 (1988)).

The state court's factual findings that the State did not act in bad faith must be accorded a presumption of correctness. 28 U.S.C. § 2254(e)(1). In light of the testimony before the state court,

Rogers fails to rebut the court's findings through any evidence that meets the required heightened level of clear and convincing. *Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000). Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Rogers' claim does not warrant federal habeas relief.

**Conclusion**

In accordance with the foregoing:

>IT IS ORDERED that the Report and Recommendation of the Magistrate Judge [#15] is ACCEPTED.

>IT IS FURTHER ORDERED that Petitioner Ronald Dean Rogers' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DENIED.

SIGNED this the 5th day of November 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE